IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDERICK OWENS, AIS # 170249,    )
                                  )
            Petitioner,           )
                                  )
v.                                )        CIVIL ACTION NO. 1:12cv1009-TMH
                                  )                    (WO)
JESSE BISHOP, *et al.*,           )
                                  )
            Respondents.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Frederick Owens ("Owens"), a state inmate, on October 31, 2012.[1]  In this petition, Owens presents claims challenging the constitutionality of his conviction for unlawful distribution of a controlled substance by the Circuit Court of Henry County, Alabama.  After a jury trial on March 3, 2009, the trial court sentenced Owens as a habitual felony offender to thirty (30) years imprisonment.  The Alabama Court of Criminal Appeals affirmed his conviction on July 31, 2009.  The Alabama Supreme Court denied Owens' petition for writ of certiorari and issued the certificate of judgment on October 9, 2009.

Pursuant to the orders of this court, the respondents filed an answer (doc. # 8) in

---

[1]  The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Although Owens did not sign the petition, in his memorandum brief filed simultaneously with the petition, Owens verifies that he submitted the petition and supporting documents to prison officials for mailing on October 31, 2012. (Doc. # 3 at 31).  Consequently, in light of the foregoing and for purposes of the proceeding herein, the court deems October 31, 2012, as the date of filing.

which they argue that Owens' petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  As discussed below, Owens' conviction became final in 2010; therefore, Owens was required to file his § 2254 petition within one year of his conviction becoming final, exclusive of the time that **any properly filed** state post-conviction petition related to the conviction remained pending in state court. The respondents acknowledge that Owens filed a state post-conviction petition challenging his conviction on December 14, 2009, which tolled the limitation period until the appellate court's judgment on January 26, 2011.[3]  The respondents maintain, however, that even with tolling the federal limitation period during the pendency of Owens' Rule 32 petition

---

[2]  Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

[3]  On January 26, 2011, the Alabama Court of Criminal Appeals affirmed the denial of Owens' Rule 32 petition.  Although Owens filed a petition for writ of certiorari with the Alabama Supreme Court, the court struck the petition as untimely filed on February 18, 2011.  (Doc. # 8, Ex. 8).  This filing did not further toll the one-year limitation period because Owens filed the petition after the expiration of the time required by state law for filing such action.  *See* ALA.R.APP.P. 39(c)(2) ("The petition for writ of certiorari shall be filed . . . within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing."). Therefore, the petition was not "properly filed" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the federal limitation because it was not filed within the limitation period required by state law.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531 U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.")

Owens argues that the Alabama Supreme Court improperly deemed his petition for writ of certiorari untimely as he had ninety (90) days to file the petition.  This argument is without merit.  Owens had fourteen (14) days from the denial of his application for rehearing to seek relief from the Alabama Supreme Court.  The 90-day period upon which Owens relies relates to the time a petitioner has to file a petition for writ of certiorari with the United States Supreme Court once he has fully and properly exhausted his direct appeal rights.

proceedings, the federal limitation period expired prior to Owens filing the present federal habeas petition.  (Doc. # 8 at 4-5).  *See also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Owens concedes that his 2254 petition was filed beyond the one-year limitation period.  *See* Doc. # 3 at 2-4.  However, Owens asserts that he is entitled to equitable tolling of the federal limitation period because "he has been pursuing his rights diligently" and he was denied access to the Alabama Supreme Court.  *Id*. at 3.

Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Owens' federal habeas petition is due to be denied because it was filed outside the one-year period of limitation mandated by applicable federal law.

## DISCUSSION

Owens' federal habeas petition was filed in this court on October 31, 2012, and is precluded from review by this court because Owens filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation.  28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires.

3

Owens was convicted in the Circuit Court of Henry County, Alabama, of unlawful distribution of a controlled substance on March 3, 2009 and sentenced to thirty (30) years imprisonment.  Owens filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his conviction on July 31, 2009.  The appellate court subsequently overruled Owens' application for rehearing. The Alabama Supreme Court denied Owens' petition for writ of certiorari and issued the certificate of judgment on October 9, 2009. Owens did not further appeal his distribution conviction.

By operation of law, Owens' conviction became final on January 7, 2010 – ninety days after the issuance of the certificate of judgment – as this is the date on which the time expired for Owens to file a petition for writ of certiorari with the United States Supreme Court.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000).  ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  *See also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court.)

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

4

section." The court finds that Owens' filing of a Rule 32 petition in the Circuit Court of Henry County on December 14, 2009, prior to the challenged conviction becoming final, tolled the limitation period until the conclusion of the Rule 32 proceedings. The Rule 32 petition remained pending in the state courts until issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on January 26, 2011. Absent statutory or equitable tolling, the federal limitation period expired on January 27, 2012, well before the date Owens filed his § 2254 petition.

Owens argues that he is entitled to equitable tolling because he diligently pursued his rights and extraordinary circumstances prevented him from timely filing his federal habeas petition. (Doc. # 3 at 3). The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also, Rich v. Dep't of Corr. State of Fla.*, 317 Fed. Appx. 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. Appx. at 882; *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310,

1313-1314 (11th Cir. 2001).  The United States Supreme Court recently confirmed the AEDPA's one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

There is nothing before the court which demonstrates the presence of "extraordinary circumstances" or "due diligence" to warrant an equitable tolling of the limitation period. Specifically, the petitioner's mere conclusory, formalistic allegation that he was denied access to the courts by prison officials is simply insufficient to establish that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his habeas petition.  Moreover, the record before the court demonstrates that Owens had access to the courts while incarcerated as he prepared and filed a detailed *pro se* Rule 32 petition, and after appointed counsel withdrew upon denial of his application for rehearing, Owens filed a petition for writ of certiorari with the Alabama Supreme Court.  Owens also prepared and filed the instant petition for habeas relief.  The court has also considered Owen's assertion that the action of his appointed counsel in withdrawing after the denial of the appeal of his Rule 32 petition entitles him to equitable tolling as an extraordinary circumstance.  The court concludes that this occurrence does not rise to the level of an extraordinary circumstance sufficient to justify equitable tolling. Owens concedes that upon

denial of the application for rehearing on January 7, 2011, "appointed counsel informed the petitioner [that counsel] had to withdraw from his case." (Doc. # 3 at 6). Thus, it is clear that counsel's withdrawal in January 2011 did not prevent Owens from timely filing a federal habeas petition during the one year limitation period.

Owens further contends that equitable tolling is warranted because of his lack of legal knowledge as a pro se litigant in seeking review by the Alabama Supreme Court. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit

equitable tolling). *See also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Owens also argues that he is entitled to equitable tolling because he diligently pursued his rights. (Doc. # 3 at 3). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. However, it is not enough for Owens to merely assert that he pursued his rights. He must come forward with some evidence to demonstrate due diligence on his part to pursue his appeal that led to his late filing. This he has failed to do. The Alabama Court of Criminal Appeals affirmed the denial of Owens' Rule 32 petition on December 10, 2010, and overruled his application for rehearing on January 7, 2011. Owens acknowledges that his counsel advised him that he was withdrawing from representation. He acknowledges that, although he filed a petition for writ of certiorari, the petition was struck as untimely by the Alabama Supreme Court on February 18, 2011. The only evidence to which Owens points in support of his claim of diligence is a letter he received from the Court of Criminal Appeals. *See* Doc. # 3 at 5. The letter is dated **October 19, 2012** which is well after the expiration of the one-year limitation period. Furthermore, beyond this single letter, Owens points to no other action he took to pursue his rights. Owens' single inquiry in October 2012 is simply insufficient to demonstrate diligence on his part. *See Webster v. Sec'y for the Dep't of Corr.*, 384 Fed. Appx. 979, 983 (11th Cir. 2010) ("only one inquiry as to the status of his

appeal, . . . three years after he filed the notice of appeal . . . did not establish that he acted with due diligence in investigating the status of his appeal."). Owens' lack of diligence in this action precludes equitable tolling in this case. *See Pace*, 544 U.S. at 419.

The court concludes that Owens has failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, and he has not met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. Owens presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Owens] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, the court concludes that Owens is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) began to run on January 27, 2011,[4] and ran without interruption until it expired on January 27, 2012. Owens filed the instant § 2254 petition on October 31,

---

[4] This date is used because in computing the federal period of limitation "the day of the event that triggers the period" is excluded. Fed.R.Civ.P. 6(a)(1)(A).

2012.  The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) therefore expired over nine (9) months before Owens filed his petition.

On March 8, 2013, the court ordered Owens to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period.  After being given an opportunity to show cause why the petition should not be dismissed for failure to file within the one-year limitation period, Owens has filed nothing in response to the court's order.[5]  Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on January 27, 2012, nine (9) months before Owens filed his federal habeas petition.  Because Owens did not file in this court until October 31, 2012, his petition is time-barred and this court may not address the merits.  The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d).  It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner.  Finally, it is

---

[5]  On September 25, 2013, Owens filed a "Motion for Status of Habeas Corpus Petition" asking the court whether the present action remained pending.  (Doc. # 15).  On September 25, 2013, the court ruled on the motion, advising the petitioner that the case was pending.  (Doc. # 16).

10

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 2, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE